**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BETTY VERRECCHIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HEI HOTELS AND RESORTS LLC, and<br>MERRITT HOSPITALITY LLC,<br><br>　　　　Defendants. | Civil Action No. 1:26-cv-11814<br><br>REMOVED FROM THE COMMONWEALTH OF MASSACHUSETTS, WORCESTER SUPERIOR COURT, CASE NO. 2685CV00331 |

**NOTICE OF REMOVAL**

Defendants HEI Hotels and Resorts LLC ("HEI")[1] and Merritt Hospitality LLC ("Merritt") (together, "Defendants") remove this case, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, from the Commonwealth of Massachusetts, Worcester Superior Court. In support of their Notice of Removal, Defendants state:

**I.　Background and Timeliness**

1.　On February 25, 2026, Plaintiff Betty Verrecchia ("Verrecchia" or "Plaintiff") filed a Complaint in the Commonwealth of Massachusetts, Worcester Superior Court, titled, *Betty Verrecchia v. HEI Hotels and Resorts, LLC and Merritt Hospitality LLC,* Docket No. 2685CV00331 (the "State Court Action").

2.　On March 28, 2026, Defendant Merritt received service of the Complaint.

3.　As required by 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" served on Defendants in the State Court Action is attached as **Exhibit A**.

---

[1] HEI Hotels and Resorts, LLC is improperly named and does not exist as a legal entity capable of being sued.

4.      Because Defendants have filed this Notice of Removal within thirty days of receiving the summons and Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1), (3).

5.      By filing this Notice of Removal, Defendants neither admit any factual allegations, nor waive any affirmative defenses or preliminary objections that may be available to them.

## II.      The Case Is Removable Based On Diversity Jurisdiction

6.      Under 28 U.S.C. § 1441(a), unless a federal statute provides otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

7.      Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a).

8.      In this case, the requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.      The Parties Are Diverse.

9.      The Complaint states that Plaintiff resides at 8 Watatic Pond Road, Ashburnham, Massachusetts 01430. *See* **Exhibit A**, Compl. ¶¶ 1. Therefore, Plaintiff is a citizen of Massachusetts for purposes of 28 U.S.C. § 1332(a); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 11-12 (1st Cir. 1991).

10.      The citizenship of a limited liability company is determined by the citizenship of each of its members. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*,

435 F.3d 51, 54–55 (1st Cir. 2006); *D.B.Zwirn Special Opportunities Fund, L.P .v. Mehrota*, 661 F.3d 124, 125 (1st Cir. 2011).

11.     HEI Hotels and Resorts LLC does not exist as a legal entity.  HEI Hotels and Resorts is the tradename for Merritt Hospitality, LLC.

12.     Merritt Hospitality LLC  is a limited liability company whose sole member is HEI Hospitality, LLC. HEI Hospitality, LLC is composed of the Gary M. Mendell Revocable Trust (traditional trust with Connecticut citizen trustee), the Stephen Mendell Revocable Trust (traditional trust with Florida citizen trustee), the 2020 Mendell Family GST Trust (traditional trust with Florida citizen trustee), the ESJJJ Family LLC (whose sole member is the Mendell Family 2011 GST Trust with a Florida citizen trustee) and Stephen Rushmore, a Florida citizen. Merritt is therefore a citizen of Connecticut and Florida.

13.     Thus, this case is between "citizens of different states." *See* 28 U.S.C. § 1332(a)(1).

**B.     The Amount In Controversy Exceeds $75,000.**

14.     By estimating the amount Verrecchia is claiming, Defendants do not concede that any of her allegations are true or that she is owed anything. *See Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.").

15.     In her Complaint, Plaintiff brings ten Counts, which purport to assert claims for: violations of M.G.L. c. 141, §15 (Compl. ¶¶ 39-40); violations of the Massachusetts Wage Act, M.G.L. c. 149, § 148 (*Id.* ¶¶ 44-45); breach of contract (*Id.* ¶¶ 56-63); wrongful termination and retaliation (*Id.* ¶¶ 64- 76); defamation, slander, and libel (*Id.* ¶¶ 77-91); and negligent infliction of emotional distress (*Id.* ¶¶ 92-98).

16.     In her Civil Action Cover Sheet, Plaintiff claims that her lost wages and compensation to date are $383,750.00, and in Exhibit B to the Complaint, she claims to be owed upwards of $400,000 in back pay and front pay alone. *See Salvail v. Relocation Advisors, Inc.*, No. CIV.A. 11-10500-RGS, 2011 WL 1883861, at *1 (D. Mass. May 17, 2011) (considering civil action cover sheet in determining amount in controversy).

17.     In her Prayer for Relief, in addition to damages for lost income, front pay, and back pay, Plaintiff seeks emotional distress damages, punitive damages, treble damages, and other damages recoverable by law. *See Barbuto v. Advantage Sales & Mktg., LLC*, 148 F. Supp. 3d 145, 148 (D. Mass. 2015) (considering emotional distress damages when calculating amount in controversy); *Toro v. CSX Intermodal Terminals, Inc.*, 199 F. Supp. 3d 320, 322-24 (D. Mass. 2016) (finding plaintiff's claims that were subject to treble damages brought his damages over the $75,000 threshold because "[t]he amount in controversy includes statutory multipliers of damages[.]") (citing *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 82 (1st Cir. 2014) (applying treble damages under the Wage Act to determine satisfaction of amount in controversy)); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover," *inter alia*, award of actual and punitive damages in excess of amount in controversy requirement).

18.     Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.     Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

**VENUE AND NOTICE**

20.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 101, this Court embraces the Worcester Superior Court, Commonwealth of Massachusetts.  Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

21.     Prompt written notice of this Notice of Removal has been sent to Plaintiff, and to the Clerk of Court for Worcester Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as **Exhibit B**.

**CONCLUSION**

22.     For these reasons, this Court has original jurisdiction over this action based on the diversity of the parties and amount in controversy. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

23.     Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

24.     Should Plaintiff seek to remand this case to state court, Defendants respectfully asks that they be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendants respectfully request that the Court retain jurisdiction and allow Defendants to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendants request that the above-described action pending against it be removed to the United States District Court for the District of Massachusetts. Defendants also requests all other relief, at law or in equity, to which they are entitled.

DATED:  April 17, 2026

Respectfully submitted,

*/s/ Christopher W. Kelleher*
Christopher W. Kelleher (BBO # 705508)
ckelleher@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile:  (617) 946-4801

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, the foregoing Notice of Removal was electronically filed through the Court's CM/ECF system and served upon Plaintiff by first class mail:

Betty Verrecchia
8 Watatic Pond Road
Ashburnham, MA 01430

*Pro Se*

*/s/ Christopher W. Kelleher*
Christopher W. Kelleher

6