**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BETTY VERRECCHIA,<br><br>      Plaintiff,<br><br>  v.<br><br>HEI HOSPITALITY LLC, and MERRITT HOSPITALITY LLC,<br><br>      Defendants. | Civil Action No. 4:26-cv-11814-MRG |

**DEFENDANTS' COMBINED OPPOSITION TO PLAINTIFF'S**
**MOTION TO REMAND AND REQUEST FOR DEFAULT[1]**

Defendants HEI Hospitality LLC and Merritt Hospitality LLC (collectively, "Defendants"),

through the undersigned counsel, oppose Plaintiff Betty Verrecchia's ("Plaintiff") (i) Motion to

Remand (ECF 17); and (ii) Request for Entry of Default (ECF 18.) Neither request has any legal

support, and should be soundly rejected, because Defendants timely and properly removed the

action, and have not defaulted in either the Superior Court or this Court.

**RELEVANT BACKGROUND**

1.     On February 25, 2026, Plaintiff filed a Complaint in the Commonwealth of

Massachusetts, Worcester Superior Court, titled: *Betty Verrecchia v. HEI Hotels and Resorts, LLC,*

*and Merritt Hospitality LLC*, Docket No. 2685CV00331.

2.     HEI Hotels and Resorts LLC was initially, and improperly, named as a Defendant,

as HEI Hotels and Resorts LLC does not exist as a legal entity capable of being sued.

3.     Service of process was effectuated on Defendant Merritt Hospitality LLC's

registered agent on March 27, 2026. (*See* Exhibit A ("Schmier Aff.") ¶ 3.) However,

---

[1] Because Plaintiff's Motion to Remand and Request for Default contain many overlapping facts and concepts, Defendants address both here.

representatives of Defendant Merritt Hospitality LLC did not receive notice of service until March 28, 2026. (*Id.*) For that reason, Merritt Hospitality LLC was under the mistaken impression that service of process had been effectuated on March 28, 2026. (*Id.*)

4.      On April 17, 2026, Defendants filed their Notice of Removal, removing the action to this Court, on diversity jurisdiction grounds. (ECF 1.) In its Notice of Removal, Defendant Merritt Hospitality LLC represented to this Court that service was effectuated on March 28, 2026, because it understood that to be the case at that time. (Schmier Aff. ¶ 4.) Defendant Merritt Hospitality LLC did not intend to make any misrepresentation to the Court, and had no reason to do so, given that its deadline to remove this action to federal court was not until ten days later, April 27, 2026. (Schmier Aff. ¶ 5.)

5.      Because Defendants filed their Notice of Removal within thirty days of receiving the summons and Complaint, the Notice of Removal was timely. *See* 28 U.S.C. § 1446(b)(1), (3).

6.      On April 17, 2026, the same date that Defendants removed this action, Plaintiff filed a Request for Default in the Superior Court, which, in light of the Notice of Removal, the Assistant Clerk erroneously entered. (*See* Exhibit B.)

7.      On May 5, 2026, the Superior Court withdrew the default order, recognizing that it had been entered in error as Defendants had already timely removed. (*See* Exhibit C.)

8.      On May 5, 2026, Plaintiff moved this Court for leave to file an Amended Complaint to remove Defendant "HEI Hotels and Resorts LLC" and add Defendant "HEI Hospitality LLC." (ECF 15.)

9.      On May 19, 2026, this Court granted Plaintiff's Motion for leave to file an Amended Complaint, and ordered Plaintiff to file the document for which leave to file has been granted. (ECF 19.)

10.    To date, Plaintiff has not filed or served her Amended Complaint on Defendants.

## ARGUMENT

Plaintiff has zero basis whatsoever to argue that the case should be remanded, or that a default order should be entered against Defendants. Defendants timely and properly removed this action, and have not defaulted either in the Superior Court or in this Court.

### I.    THERE IS NO BASIS TO REMAND TO STATE COURT

Plaintiff's request to remand the case back to state court should be rejected because Defendants timely and properly removed this action pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a).[2] Specifically, this case is properly removable based on diversity jurisdiction because there is complete diversity among the parties and the amount in controversy exceeds \$75,000, exclusive of interest and costs. (*See* ECF 1.)

In her Motion to Remand, Plaintiff does not argue that the amount in controversy element is not satisfied. She instead argues that the Notice of Removal was deficient because it "fail[ed] to disclose all the members of the Defendants' LLC's and their citizenship[.]" (Motion to Remand ¶¶ 9, 11.) However, as counsel for Defendants explained to Plaintiff during their May 4, 2026 meet-and-confer, the citizenship of each member of Defendant Merritt Hospitality LLC (including newly named Defendant HEI Hospitality, LLC) is clearly provided in Section II(A) of the Notice of Removal. (ECF 1.) Specifically, paragraph 12 of Section II(A) states:

> ***Merritt Hospitality LLC***  is a limited liability company whose sole member is HEI Hospitality, LLC. ***HEI Hospitality, LLC*** is composed of the Gary M. Mendell Revocable Trust (traditional trust with Connecticut citizen trustee), the Stephen Mendell Revocable Trust (traditional trust with Florida citizen trustee), the 2020 Mendell Family GST Trust (traditional trust with Florida

---

[2] Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the districts courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of \$75,000, exclusive of interests and costs, and is between … citizens of different States."

citizen trustee), the ESJJJ Family LLC (whose sole member is the Mendell Family 2011 GST Trust with a Florida citizen trustee) and Stephen Rushmore, a Florida citizen. Merritt is therefore a citizen of Connecticut and Florida.

(ECF 1 at ¶ 12 (emphasis added); *see also* Schmier Aff. ¶ 2.)

Thus,  because Plaintiff is a citizen of Massachusetts (*see* ECF 1 at ¶ 9) and Defendants[3] are citizens of Connecticut and Florida, the case is between "citizens of different states," and was properly removed. *See* 28 U.S.C. § 1332(a)(1). Plaintiff's contention that Defendants failed to identify the citizenship of the relevant members, or that the parties are otherwise non-diverse, is wrong, and should be rejected.[4]

## II.      THERE IS NO BASIS FOR ENTRY OF DEFAULT

Plaintiff's request for entry of default is similarly erroneous, as Defendants did not default in either the Superior Court, or in this Court.

Plaintiff argues that default should be entered because Defendants defaulted in the Superior Court. (Request for Default ¶ 2.) As counsel for Defendants explained to Plaintiff during their May 4, 2026 meet-and-confer, the Superior Court's entry of default was in error because Defendants timely removed this action within the timeframe established by 28 U.S.C. § 1446(b). Specifically, Defendants removed this action on April 17, 2026, which was at most 21 days after Defendant Merritt Hospitality LLC received service (meaning it was well within the 30-day time period for removal). On May 5, 2026, having recognized the error, the Superior Court withdrew the entry of default. (Exhibit C.) Plaintiff's Request for Default is therefore groundless.

---

[3] While HEI Hospitality, LLC was not a named Defendant when Defendants filed their Notice of Removal, paragraph 12 establishes that complete diversity exists among the parties, as amended.

[4] Plaintiff makes other mistaken procedural arguments in her Motion to Remand. For example, she argues the Notice of Removal was deficient because Defendants failed to attach the Request for Default to the Notice of Removal. (Motion to Remand at ¶ 5.) Even if this were grounds for remand – which it is not – Defendants never received service of the Request for Default in the Superior Court, and the Request for Default had not appeared on the Docket at the time of Removal. Further, Defendants filed the certified State Court Record on April 27, 2026. (ECF 10.)

Nor can any argument be made that Defendants have defaulted before this Court because the deadline for Defendants to respond to Plaintiff's Amended Complaint has not yet arrived. Plaintiff moved this Court for leave to amend her Complaint on May 5, 2026, which was granted on May 19, 2026. (ECF 19.) The Court's order granting leave to amend instructed Plaintiff to file the document (i.e., the Amended Complaint) for which leave to file was granted. (*Id.*) To-date, Plaintiff has not complied with the Court's instruction. Once Plaintiff does so, in accordance with Fed. R. Civ. P. 15(a)(3), Defendants will have 14 days to file their responsive pleading.

Because Defendants have not defaulted in any court, Plaintiff's Request for Default should be denied.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand and Request for Default, and enter any further relief that the Court deems just and proper.

DATED:  May 28, 2026                                Respectfully submitted,


                                                    */s/ Christopher W. Kelleher*
                                                    Christopher W. Kelleher (BBO # 705508)
                                                    ckelleher@seyfarth.com
                                                    SEYFARTH SHAW LLP
                                                    Seaport East
                                                    Two Seaport Lane, Suite 1200
                                                    Boston, MA 02210-2028
                                                    Telephone: (617) 946-4800
                                                    Facsimile:  (617) 946-4801

                                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2026, the foregoing Notice of Removal was electronically filed through the Court's CM/ECF system and served upon Plaintiff by first class mail:

Betty Verrecchia
8 Watatic Pond Road
Ashburnham, MA 01430

*Pro Se*

*/s/ Christopher W. Kelleher*
Christopher W. Kelleher