**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BETTY VERRECCHIA,

        Plaintiff,

    v.

HEI HOSPITALITY LLC, and MERRITT
HOSPITALITY, LLC,

        Defendants.

Civil Action No.  4:26-CV-11814-MRG

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. 12(b)(6), Defendants HEI Hospitality LLC and Merritt Hospitality move to dismiss the First Amended Complaint filed by Plaintiff Betty Verrecchia ("Plaintiff"). Defendant's Memorandum of Law accompanying this Motion explains the grounds for dismissal in further detail.

*First*, Plaintiff's claim for violation of the recordkeeping law (Count I) fails because there is no private right of action for such a violation.

*Second*, Plaintiff's Massachusetts Wage Act claims (Counts II, III, and IV) fail because the Amended Complaint does not plausibly allege that Defendants failed to pay Plaintiff any earned wages, or that Defendants retaliated against Plaintiff for engaging in activity protected under the Wage Act. Some of the Wage Act claims are also time-barred.

*Third*, Plaintiff's breach of contract claim (Count V) fails because Plaintiff does not plausibly allege facts demonstrating that the parties entered into a severance contract or that Defendants breached that contract.

*Fourth*, Plaintiff's wrongful termination in violation of public policy ("WTPP") claims (Counts VI and VII) fail because Plaintiff has not, and cannot, identify a clear public policy to

support her WTPP claim, or show that she engaged in conduct protected by any such public policy. Plaintiff also fails to plead facts plausibly demonstrating that Defendants terminated her employment in a bad faith attempt to deprive her of earned compensation.

*Fifth*, Plaintiff's defamation claims, including slander and libel (Counts VIII and IX),  fail because they are untimely and/or inadequately pled.

*Finally*, Plaintiff's negligent infliction of emotional distress ("NIED") claim (Count X) fails because, among other reasons, it is barred by the Massachusetts Workers' Compensation Act.

Accordingly, Defendants request that the Court dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, and grant such further relief as the Court deems just and proper.

DATED:  June 12, 2026                                              Respectfully submitted,


*/s/ Christopher W. Kelleher*
Christopher W. Kelleher (BBO # 705508)
ckelleher@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

*Attorneys for Defendants*

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants respectfully request that the Court grant a hearing on this Motion because oral argument will assist the Court in deciding the issues raised herein.

*/s/ Christopher W. Kelleher*
Christopher W. Kelleher

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify pursuant to Local Rule 7.1(a)(2) that on June 12, 2026, I conferred in good faith with Plaintiff in an attempt to resolve or narrow the issues presented by this motion.

*/s/ Christopher W. Kelleher*
Christopher W. Kelleher

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, a true and accurate copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Christopher W. Kelleher*
Christopher W. Kelleher