# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

JUL 8 '26 PM 2:27 USDC MA

BETTY VERRECCHIA,

     ProSe, Plaintiff,

     v.

          No. 4:26-cv-11814-MRG

HEI HOSPITALITY LLC, and
MERRITT HOSPITALITY LLC,

     Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR PRO HAC VICE OF ATTORNEY ERIC J. JANSON

## I. INTRODUCTION

The Plaintiff, proceeding pro se, respectfully requests this Honorable Court deny Defendant's Motion for Admission Pro Hac Vice of Attorney Eric J. Janson. The Defendants are already represented by a highly capable, local Massachusetts senior counsel from a premier national law firm. Introducing an additional out-of-state attorney from Washington, D.C. is entirely redundant, escalates litigation costs, and creates an unfair administrative burden on a self-represented litigant, and this Court.

## II. ARGUMENT

**A.** The out-of-state appearance is Prejudicial and Redundant. Admission of pro hac vice is a privilege, not a right. Under Local Rule 83.5.3, this Court retains broad discretion to deny out-of-state admission.The Defendants actively removed this action from the Massachusetts Superior Court to this Federal District Court. Having deliberately selected this forum. Defendants cannot responsibly argue that their local/resident, Massachusetts licensed senior counsel in this lawsuit is unequipped to handle a localized dispute regarding Massachusetts timecard records. Allowing a D.C. corporate lawyer to enter this case adds zero unique or specialized value to the proceedings. Instead , it serves only to unnecessarily multiply the legal team, expand defense billing, and erect an asymmetrical "multi-lawyer wall" designed to exhaust the limited personal resources of a pro se Plaintiff. This directly conflicts with Federal Rule of Civil Procedure 1, which mandates that the rules be administered to secure the "just, speedy, and inexpensive determination" of every action.

**B.** Defendants' local senior counsel failed to demonstrate necessity for Admission Pro Hac Vise . This matter centers on straightforward factual evidence regarding Massachusetts Wage Act, Massachusetts General Law, local employment hours and hours-worked documentation. Local counsel has already actively litigated this matter. Defendants have failed to establish any specialized technical expertise or compelling necessity that justifies bringing in out-of-state counsel to litigate this dispute in the United States District Court of Massachusetts.

## III.CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for Admission Pro Hac Vice.

Respectfully submitted,

Betty Verrecchia, Pro Se
8 Watatic pond Rd
Ashburnham, MA 01430
(570) 516-3683
bigbet13@aol.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify pursuant to Local Rule 7.1(a)(2) that on June 22, 23 and 24, 2026, Pro se Plaintiff attempted to confer in good faith with the defendant's counsel regarding the opposition by email. Plaintiff gave the Defendants her position.

**Betty Verrecchia**

## CERTIFICATE OF SERVICE

I, Betty Verrecchia, hereby certify on July 8, 2026, a true and accurate copy of this foregoing document was filed at the United States District Court of the district of Massachusetts and proper copies were sent out to the defendants.

**Betty Verrecchia.**